Garry L. MERCER, Plaintiff—
Appellant,

v.

Michael J. ASTRUE, Commissioner
Social Security Administration,
Defendant—Appellee.

No. 08–35106.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2009.

Filed March 17, 2009.

Floyd H. Shebley, Esquire, Floyd H. Shebley, P.C., Oregon City, OR, for Plaintiff–Appellant.

David Burdett, Special Assistant U.S., Social Security Administration Office of the General Counsel, Seattle, WA, Britannia I. Hobbs, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: GRABER, FISHER, and M. SMITH, Circuit Judges.

MEMORANDUM *

Garry L. Mercer (Mercer) appeals from the district court's grant of summary judg-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ment in favor of the Commissioner of the Social Security Administration (Commissioner), upholding a denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. Because the parties are familiar with the facts, we do not recount them here, except as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the district court's decision affirming the Commissioner's denial of benefits de novo, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005), and affirm.

Mercer argues that the administrative law judge (ALJ) erred by discounting the opinions of a treating physician, Dr. David Mitchell, and of a non-examining orthopedic specialist, Dr. Thomas L. Gritzka, such that the decision to find him ineligible for disability insurance benefits is not supported by substantial evidence in the record or by the application of correct legal standards. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). We disagree.

As an initial matter, Mercer is incorrect that the ALJ gave "no weight" to Dr. Mitchell's opinion; the record shows that the ALJ noted and credited Dr. Mitchell's clinical findings and conclusions between October 1997 and May 2000. The ALJ discounted only a cursory disability letter from July 2004, in which Dr. Mitchell states, "I have reviewed my medical records regarding ... Mercer. He was totally disabled from any work between late 1997 and all of 1998."

■ Further, because Dr. Mitchell's disability statement conflicts with the opinions of non-examining medical consultants which find that Mercer is capable of a wide range of light exertional work, the ALJ did need to provide specific, legitimate reasons, supported by substantial evidence from independent sources in the record, for rejecting Dr. Mitchell's July 2004 let-

ter. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001). The ALJ did so by noting that "the letter was unsigned"; that "an opinion of total disability was never issued by Dr. Mitchell in any of his treatment notes and medical records for the entire duration of his treatment relationship with the claimant from October 1997 through at least February 2002"; that Dr. Mitchell issued the July 2004 disability statement "[w]ithout any additional treatment notes beyond February 2002"; that the July 2004 letter conflicts with Dr. Mitchell's May 2000 medical summary, which notes that Mercer "should work hard at finding an appropriate occupation"; and that the July 2004 letter is brief and conclusory. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005).

■ Nor did the ALJ improperly discredit the March 2006 opinion of non-examining orthopedic specialist Dr. Gritzka. Although the record reflects that Dr. Gritzka did evaluate Mercer in November 1997, the record does not show that Dr. Gritzka saw Mercer again, and Dr. Gritzka's March 2004 opinion does not rely in any way on his earlier evaluation of Mercer. The ALJ's characterization of Dr. Gritzka as a "non-examining" physician was therefore appropriate and, as a result, the ALJ properly accorded greater weight to the October 1997—February 2002 clinical findings of Dr. Mitchell, and to the January 1999 clinical findings of Mercer's examining physician, Dr. Darrell C. Brett, than to the March 2006 opinion of Dr. Gritzka. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1996). In addition, although Mercer is correct that a specialist is often accorded greater weight than a non-specialist, Social Security regulations do not suggest that a reviewing, non-examining specialist's opinion displaces a treating or examining physician's findings. *See* 20 C.F.R. § 404.1527(d). Accordingly,

substantial evidence in the record and the application of correct legal standards support the ALJ's rejection of Dr. Gritzka's March 2006 opinion.

**AFFIRMED.**